**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Jason Gray,<br><br>        Plaintiff,<br><br>v.<br><br>Walgreens Boots Alliance, Inc.,<br><br>        Defendants | No. 23 CV 11441<br><br>Honorable Nancy L. Maldonado |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Jason Gray brings this employment discrimination lawsuit against Defendant Walgreens Boots Alliance, Inc. ("Walgreens"). Gray originally initiated the case in the Circuit Court of Cook County, Illinois, Case No. 23-L-004799. After being served with a copy of Gray's state court complaint, Walgreens removed the case to this United States District Court pursuant to 28 U.S.C. §§ 1441(a). (Dkt. 1.)[1] After removal, Walgreens subsequently filed a motion to dismiss Gray's Amended Complaint pursuant to Federal Rules of Civil Procedure 8, 10, and 12(b)(6). (Dkt. 7.) Gray, in turn, filed a motion to remand the case back to state court. (Dkt. 12.)

For the reasons stated below, Gray's motion to remand is denied, as the Court concludes that Walgreens' removal of the state court action to this Court was proper. Additionally, Walgreens' motion to dismiss is granted. In short, the Court finds that Gray's Amended Complaint generally does not comply with the pleading requirements of Rules 8 and 10, and further contains a number of purported causes of action that fail to state a legally cognizable claim for relief. Gray's Amended Complaint is dismissed, and the Court will give Gray one opportunity to file a further amended complaint if he believes he can remedy the deficiencies discussed in this opinion.

---

[1] In citations to the docket, page numbers are taken from the CM/ECF header.

**Background**

A. **Procedural Background**

On May 9, 2023, Gray initiated an action against Walgreens in the Circuit Court of Cook County, Illinois, Case No. 23-L-004799. (Dkt. 1 at 6.) Gray's original complaint, though difficult to decipher, generally asserted that Walgreens engaged in multiple forms of employment discrimination. (*Id.* at 7–9.) The complaint, however, was never served on Walgreens. Instead, on July 13, 2023, the state court issued an order striking the complaint and granting Gray leave to file an amended complaint that complied with Illinois procedural requirements, including a plain and concise statement of claims and separate counts for each cause of action. (*See id.* at 37.)

On August 8, 2023, Gray filed an Amended Complaint for Employment Discrimination ("Amended Complaint") asserting a number of claims under federal and state law. (*See id.* at 38–53.) The Amended Complaint, which will be discussed in further detail in the next section, named Walgreens and 11 additional individual defendants, all of whom appear to be individual Walgreens employees or executive officers. (*See id.* at 37–41.) Gray served the Amended Complaint and summons on Walgreens on August 18, 2023. (*Id.*; *see also* Dkt. 28 at 2.) The Amended Complaint was not personally served on the individual defendants though Gray appears to have attempted service by leaving a copy of the Amended Complaint and summons for the individual defendants at the address of Walgreens' registered agent for service of process in Illinois. (*See* Dkts. 17, 28.)

On September 13, 2023, Walgreens removed the state court case to this United States District Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 (Dkt. 1.) In the notice of removal, Walgreens states that its removal was timely because it was done within 30 days of service of the Amended Complaint. (Dkt. 1 at 2, ¶ 6.) Walgreens further asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1441(a), because the Amended Complaint includes a

2

number of claims purportedly brought under federal law. (*Id.* at 2 ¶ 9.).

Shortly after removal, Walgreens filed a motion to dismiss the Amended Complaint pursuant to Rules 8, 10, and 12(b)(6). (Dkt. 7.) Gray filed his pro se appearance in this Court and responded with an objection to removal and motion to remand. (Dkt. 12.) Gray also filed a response in opposition to Walgreens' motion to dismiss, along with a number of exhibits which he indicated were in support of his opposition to dismissal. (Dkt. 14; Dkts. 17–28). Walgreens filed an opposition to Gray's motion to remand, (Dkt. 15), and a reply in support of its motion to dismiss. (Dkt. 31.) The Court gave Gray an opportunity to file a reply in support of his motion to remand, but no such reply was filed.[2]

### B. Summary of the Amended Complaint

Before turning to the parties' motions, the Court will provide a summary of the allegations and claims in Gray's Amended Complaint. The Court acknowledges at the outset that Gray's Amended Complaint, while only 16 pages in length, is difficult to parse, due to the sheer volume of purported claims and the disjointed and unorganized manner in which they are presented. Gray begins his Amended Complaint with multiple lists of dozens of purported legal claims pled in a conclusory manner, followed by 10 pages of allegations presented in paragraphs containing a mix of factual allegations and further legal conclusions. As will be discussed further below in the context of Walgreens' motion to dismiss, this manner of pleading has made it difficult to decipher all of Gray's purported causes of action. The Court has therefore done its best to summarize Gray's claims, and the purported factual basis of those claims, such as it exists, below. In so doing, the

---

[2] Although Gray did not submit a reply, he has filed numerous unrelated filings raising various claims of ongoing criminal harassment allegedly perpetrated by Walgreens and employees or agents acting on its behalf. In these filings, Gray has sought various forms of emergency relief, including multiple requests for restraining orders, requests to be placed in witness protection, and requests that the Court direct law enforcement agencies to investigate his claims of criminal conduct. Gray has also requested the undersigned District Judge recuse herself from this matter on two separate occasions. The Court has already addressed these filings in multiple minute entries on the docket and a separate written order on February 27, 2024.

3

Court accepts all well-pled allegations in the Amended Complaint as true for the purposes of the instant motions, though the Court need not accept legal conclusions. *See, e.g.*, *Anicich v. Home Depot U.S.A., Inc*., 852 F.3d 643, 648 (7th Cir. 2017).

Gray asserts that he brings this action for employment discrimination against Walgreens and 11 individual defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (ADEA), and the Americans with Disabilities Act, 42 U.S.C. § 12122 *et seq.*, (ADA). (Dkt. 1 at 41.)[3] Gray goes on to state that he is also bringing claims pursuant to a number of other federal statutes, including: the Matthew Shepard and James Byrd Jr. Hate Crimes Prevention Act of 2009, 18 U.S.C. § 249 (the "Shepard-Byrd Act"); the Fair Housing Act, 42 U.S.C. § 3631 (FHA); and two criminal statutes related to the deprivation of civil rights, 18 U.S.C. § 245 and 18 U.S.C. § 241. (Dkt. 1 at 41–42.) Gray separately asserts that he is bringing claims under the "Universal Declaration of Human Rights" (UDHR), as well as state law claims under the Illinois Human Rights Act (IHRA) and the municipal codes of Deerfield, Illinois and Chicago, Illinois. (*Id.*)

In addition to the above federal, state, and local laws, Gray also provides a "Statement of Claim," which purports to include a summary list of all the discriminatory conduct and wrongful acts that Gray contends he was subjected to by the defendants. (*Id.* 42–43.) It is unclear, however, whether Gray intends the Statement of Claim as a summary of the grounds for which he is bringing his purported statutory claims, or whether the statement is meant as a list of separate individual causes of action on top of the statutes he cites. For example, a portion of the Statement of Claim includes assertions sounding in employment discrimination claims under Title VII, the ADEA, and the ADA, including wrongful termination, failure to promote, failure to reinstate, demotion,

---

[3] Because the allegations and claims in the Amended Complaint are only partially set forth in numbered paragraphs, the Court will cite solely to the CM/ECF page numbers.

failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. (*Id.* at 4.) But the Statement of Claim also includes a conclusory list of other allegedly wrongful acts that appear unrelated to any claim for employment discrimination under the statutes Gray has cited, and instead include separate causes of action and crimes (which cannot be brought by Gray or in this civil action). Specifically, Gray indicates his claims include invasion of privacy, defamation, unauthorized access to HIPAA protected information, criminal harassment, "corporate terrorism," retaliating against a witness, stalking, tampering with a witness, "violation of a protected foreign national," medical and health care fraud, "hacking crimes," international terrorism, false statements, sabotage, and collusion with others to access his protected data. (*Id.* at 42–43.)

Turning to the factual allegations underlying Gray's claims, the Amended Complaint indicates that Gray began working for Walgreens[4] in May 2017 as a Product Manager for Pharmacy and Retail operations, in Walgreen's Operations Administration department in Deerfield, Illinois. (*Id.* at 44–45.) Gray states that he is a multi-racial black male, who is living with Leukemia and HIV, and he generally asserts that he was subject to ongoing discriminatory and unlawful conduct by Walgreens based on his race, color, sex, age, disability, sexual orientation, and genetic information. (*Id.* at 43.) Gray further states that the complained of conduct has been ongoing from around March 2019 through the present, i.e., the filing of the Amended Complaint in August 2023. (*Id.* at 43.). The Amended Complaint separately references events occurring as far back as May 2017, and also indicates that Gray was terminated from Walgreens

---

[4] Walgreens points out that, while Gray has named Walgreens Boots Alliance, Inc. as the Defendant, Gray was actually employed by Walgreens Co., a separate legal entity. (*See* Dkt. 8 at 1 n.1). Gray's Amended Complaint indicates that he was employed by Walgreens Co., but he then asserts that Walgreens Co. does business as Walgreens Boots Alliance. (Dkt. 1-1 at 41.) If Gray files a further amended complaint, he should name the proper legal entity, Walgreens Co., as defendant.

either in June 2022 or February 2023. (*Id.* at 46, 48.)

As to the specific facts that Gray contends form the basis of his claims of discrimination, the Amended Complaint is, again, difficult to follow. Gray includes a narrative "Victim Statement" with multiple un-numbered paragraphs, as well as many multipart numbered paragraphs with a mix of factual allegations and legal conclusions. In the victim statement, Gray generally contends that Walgreens engaged in "appalling" discriminatory actions, and he raises a number of general complaints about Walgreens' business, some of which appear unrelated to any allegations of discrimination. (*Id.* at 43–44.) After this initial statement, Gray goes on to detail a number of alleged policies and practices at Walgreens, as well as specific incidents involving Gray, which he contends demonstrate Walgreens' (and the individual defendants') discrimination against him on the basis of his different protected characteristics. For example, Gray alleges that: he was denied long term disability benefits when he started at Walgreens in May 2017 on the basis of his preexisting condition of HIV, (*Id.* at 46, ¶ 2); Walgreens' lack of a tuition reimbursement program and its approach to advancement was discriminatory on the basis of race, (*Id.* at 46, ¶ 4); Walgreens made investments in the company offices that were unfairly targeted at benefiting younger individuals under 40, which constituted age discrimination, (*Id.* at 46, ¶ 4); Gray was appointed to a different management role upon returning from a medical leave and was paid less than other managers, (*Id.* at 47, ¶ 6); while on leave, Walgreens "backfilled" his role with younger, heterosexual, white female employees; (*Id.* at 47, ¶¶ 6–7); Walgreens denied Gray's request for benefits to assist him with rent during the COVID-19 pandemic, (*Id.* at 47 ¶ 8); Walgreens required Gray to attend a meeting while on an extended medical leave, (*Id.* at 48 ¶14.); Walgreens asked Gray to relocate from Deerfield to Chicago but did not provide any relocation expenses, (*Id.*); and that Walgreens ultimately terminated Gray while he was on medical leave. (*Id.* at 48, ¶ 12.)

6

Interspersed among these factual allegations are several vague and conclusory assertions that Gray was denied promotions and equal treatment as an employee on account of his race, sexual orientation, age, and medical conditions, and that he was denied several reasonable medical accommodations for his disabilities. (*Id.* at 48–51.)

Ultimately, based on the above allegations, Gray contends that he experienced a number of physical and emotional injuries, and he seeks compensatory and punitive damages totaling $388,580,000.00. (*Id.* at 52.)

## Discussion

### A. Gray's Motion to Remand

The Court will begin with Gray's objection to removal and motion to remand. (Dkt. 12.) In the motion, Gray contests Walgreens' claim, stated in its notice of removal, that it was not served with a copy of the original state court complaint. (*Id.* at 1). Gray further takes issue with Walgreens' summary of his Amended Complaint as involving only federal statutes, stating that his Amended Complaint includes not only federal claims, but also state law claims under the IHRA and local ordinances in Deerfield and Chicago. (*Id.*) Gray separately contends, in his response to Walgreens' motion to dismiss, that Walgreens is wrong that he failed to serve the other 11 individual defendants with his Amended Complaint. (Dkt. 14 at 2.)[5] For support of this last contention, Gray points to the "proof of service" documents he has filed on the Court's docket. (Dkts. 17–29.)

Gray does not explain how any of the above issues would render removal inappropriate. But in light of Gray's pro se status, the Court construes his pleadings liberally and with a less stringent standard than it would apply to filings drafted by lawyers. In doing so, it appears to the

---

[5] Although Gray raises this argument in his opposition to Walgreens' motion to dismiss, it relates more to his motion to remand, as it challenges Walgreens' factual claims about service in its notice of removal.

Court that Gray may be arguing that removal was improper for several reasons: (1) Walgreens was properly served with the original complaint and therefore its removal based on the Amended Complaint was untimely; (2) the other individual defendants have also been served with the Amended Complaint and therefore removal without their consent was inappropriate; and (3) Gray's Amended Complaint includes both federal and state law causes of actions and thus removal on the basis of federal question jurisdiction is improper. The Court will thus turn to the requirements under the removal statute and determine whether Walgreens' removal was proper in light of these potential concerns.

Removal of state court actions to federal court is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Fongers v. CareerBuilder*, LLC, 19-CV-7966, 2020 WL 12630537, at *2 (N.D. Ill. Oct. 21, 2020). Another statute, 28 U.S.C. § 1446, provides the procedural requirements for removal. Specifically, § 1446(b) requires defendants to remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446. The statute goes on to state that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The party seeking removal generally bears the burden of proving that the removal was proper." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) (citation omitted).

Walgreens removed the case on September 13, 2023, within 30 days of when it was served with a copy of the Amended Complaint on August 18, 2023. (Dkt. 1 at 2; Dkt. 28 at 2). The removal in September 2023 would likely have been untimely if Walgreens had been properly served with the original complaint filed in May 2023, but contrary to Gray's suggestion in his motion to remand, there is no evidence that Walgreens was ever actually served with the original complaint. The state court record, which Walgreens attached to its notice of removal, indicates that Gray moved for an extension of time to serve the complaint in June 2023, citing issues with serving summons. (Dkt 1 at 24.) But the state court subsequently struck the original complaint on July 11, 2023, and Gray was told to file an amended complaint. (*Id.* at 37.) Gray has provided no evidence indicating that his original complaint was served on Walgreens prior to being stricken in July 2023. In the absence of any evidence to the contrary, the Court accepts Walgreens' assertion that it was never served with the original complaint, and was first served with the Amended Complaint on August 18, 2023. Walgreen's removal on September 13, 2023 was therefore timely.

As to Gray's argument that he has properly served the other individual defendants with the Amended Complaint, it is true that if Gray had served the other defendants prior to removal, their consent would be needed for Walgreens to remove the case to federal court. 28 U.S.C. § 1446(b)(2)(A). But the state court record submitted by Walgreens with its notice of removal contains no proof of service or other documents suggesting that any individual defendants were properly served with the Amended Complaint prior to the time of removal on September 13, 2023. Gray has separately submitted copies of what he claims are certificates of service showing service of process on the individual defendants on August 18, 2023, the same day as service on Walgreens. (Dkts. 17–28.) But these certificates do not demonstrate proper service of process on the individual defendants. As Walgreens points out, all of the certificates indicate that service was accomplished

9

on a "[c]orporation, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons." (Dkt. #17-28.) The certificates all list the same address of service as "Illinois Corporation Service Company," which Walgreens identifies as its registered agent for service of process. (*Id.*; Dkt 15 at 2.) In other words, it appears from the certificates that Gray attempted service on the individual defendants in the same manner he served Walgreens, by having summons and the Amended Complaint served on Walgreens' registered agent. While that may have been the proper means to serve Walgreens, it was not a proper method for service on individual defendants. Rather, Illinois law[6] provides in relevant part that service of summons on an individual defendant may be accomplished by either "leaving a copy of the summons with the defendant personally" or "by leaving a copy at the defendant's usual place of abode with some person of the family or a person residing there . . . ." 735 ILCS 5/2-203(a). In other words, it is not proper to serve an individual defendant by merely leaving a copy of the complaint and summons with that individual's possible employer. Gray therefore did not accomplish proper service of process on the individual defendants, and still has not as of the date of this order. As none of the individual defendants have been served, Walgreens did not need their consent before removing the case.

Finally, Gray's suggestion that his state law and local ordinance claims render removal improper reflects a misapprehension of the law. The removal statue, 28 U.S.C. § 1441(c), provides that, if a civil case includes federal claims arising under the laws of the United States, the entire action may be removed, even if there are claims that are not within the Court's original jurisdiction. In short, cases that involve both federal and state law claims are removable. It was thus proper for

---

[6] Federal Rule of Civil Procedure 4(e)(1) allows for service of a summons on an individual in a manner authorized by the state law "where the district is located or where service is made." Thus, in evaluating whether service has been made on the individual defendants, the Court looks to Illinois law.

10

Walgreens to remove Gray's entire case, which includes a number of purported claims under multiple federal statutes, regardless of the fact that Gray may also allege state or local claims.

In sum, the Court finds that Walgreens' removal of the Amended Complaint was proper. Gray's motion to remand is therefore denied.

### B. Walgreens' Motion to Dismiss.

The Court turns next to Walgreens' motion to dismiss Gray's Amended Complaint. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The Court need not, however, accept conclusory allegations, or allegations that contain only legal conclusions. *See, e.g.*, *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513 (7th Cir. 2020) (citations omitted). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Walgreens raises three primary arguments for dismissal: (1) The Amended Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure; (2) Gray's employment discrimination claims are untimely; and (3) Gray's other purported causes of action fail to state any claim for relief. As discussed further below, the Court agrees that Gray's Amended Complaint

fails to comply with Rules 8 and 10, and further that many of the purported causes of action fail to state any claim for relief. The Amended Complaint must therefore be dismissed. The dismissal is without prejudice though, and the Court will give Gray one final opportunity to file a further amended complaint that complies with the Rules of Civil Procedure, if he believes that he can do so.[7]

1. Gray's Amended Complaint Generally Fails to Comply with Rule 8 and 10.

Rule 8 requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." (Fed. R. Civ. P. 8(d)(1). Rule 10 requires the pleader to state his claims in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and also requires that "each claim founded on a separate transaction or occurrence" be "stated in a separate count" if "doing so would promote clarity." Fed. R. Civ. P. 10(b). The primary purpose of Rules 8 and 10 is to "give defendants fair notice of the claims against them and the grounds supporting the claims." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citations omitted). Dismissal under Rules 8 and 10 is therefore appropriate "where a complaint is so unintelligible that the defendant cannot reasonably be expected to be on notice of the plaintiff's claims." *See Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621, at *5 (N.D. Ill. May 28, 2013) (citing *Standard*, 658 F.3d at 798 ("[T]he issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful act, dismissal is an appropriate remedy.")); *see also*

---

[7] Based on the Court's resolution of the motion and the inconsistent allegations pled in the Amended Complaint with respect to the timing of Gray's employment and events at issue, the Court will not address Walgreens's argument that Gray's employment discrimination claims are untimely. Walgreens may reassert any timeliness argument should Gray file an amended pleading, though the Court notes that, generally speaking, a plaintiff need not anticipate a statute of limitations defense in their complaint.

*Davis v. Anderson*, 718 F. App'x 420, 423 (7th Cir. 2017) ("[A] complaint is subject to dismissal under [Rules 8 and 10] if it is unduly long or if it is unintelligible.").

Walgreens argues that Gray's Amended Complaint violates the pleading requirements under Federal Rules of Civil Procedure 8 and 10 and should be dismissed because it is unintelligible and fails to give fair notice of Gray's claims or the grounds supporting them. The Court agrees.

Although Gray's Amended Complaint is not unusually long, the manner in which it is organized makes it difficult to follow such that his intended claims are virtually unintelligible. Gray's allegations are not separated into numbered paragraphs that state his allegations in a concise, simple, and direct manner. Instead, the Amended Complaint contains a mix of narrative statements, conclusory lists of claims and causes of action, and compound numbered paragraphs with multiple factual contentions mixed with legal conclusions combined into the same paragraph. For example, as detailed above, Gray begins his Amended Complaint with a summary list of some 11 different federal, state, local, and international laws he contends are at issue. This list of authority is followed by a "statement of claim" which contains a further list of some two dozen additional conclusory claims of unlawful conduct. This list of claims—really mere phrases—ranges from claims sounding in employment discrimination (failure to promote and wrongful termination), to claims of criminal conduct (criminal harassment, stalking, and hacking), to apparent state common law torts (defamation and invasion of privacy), to other vague and unspecified assertions of wrongful conduct (international terrorism and sabotage). Many, if not most, of these claims or purported causes of action are never mentioned or referred to again in Gray's more detailed factual allegations; Gray never explains, for example, what false or defamatory statements Walgreens is alleged to have made, or how it invaded his privacy or

13

accessed his protected information. Further, to the extent that Gray intended to plead any of these claims as separate causes of action, he does not plead them in separate counts as required under Rule 10(b).

Also problematic are Gray's discursive and inconsistent factual allegations. As noted above, Gray starts his allegations with a narrative "victim statement," which alternates between vague and conclusory allegations of discrimination and seemingly unrelated and irrelevant statements about Walgreens' business, in particular its collection of donations for the Susan G. Komen foundation. Gray's numbered allegations that follow jump back and forth among a number of different incidents in a non-linear manner, with inconsistent factual allegations, that make his contentions difficult to follow. For example, Gray alleges at one point that he was on approved long-term medical leave from August 2019 through November 2023, and many of his allegations raise claims that Walgreens wrongfully attempted to have him participate in work meetings during his leave in June 2021 and February 2022. (Dkt 1-1 at 47 ¶¶ 9–10.) But other parts of the Amended Complaint appear to refer to Grey returning from leave in 2020. (*Id.* at 46–47 ¶¶ 4, 7.) And the allegations in the Amended Complaint are also inconsistent with respect to the timing of Gray's termination: at one point Gray suggests he was terminated while on medical leave in June 2022 in retaliation for raising a legal concern, and yet other allegations in the Amended Complaint refer to him being separated from Walgreens in February 2023. (*Id.* at ¶¶ 12, 14.)

It is true that courts generally should construe pro se complaints liberally and "more forgivingly than a pleading prepared by a lawyer." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020). The rationale behind this principal is that courts should "give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Greer v. Bd. of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001) (internal citation omitted).

But this flexibility with the technical rules of pleading does not absolve the pro se litigant from the requirement that they draft their pleadings consistent with Rules 8 and 10 and provide fair notice of their claims to the defendants. *See, e.g.*, *Jones v. Mem'l Hosp. of S. Bend Inc.*, 301 F. App'x 548, 548 (7th Cir. 2008) ("Although we construe pro se filings liberally, pro se litigants are not exempt from procedural rules.") (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)).

Here, the Court finds that Gray's pleading fails to comply with the requirements of Rules 8 and 10. In short, the disjointed and conclusory nature of Gray's manner of pleading—with his dozens of purported causes of action and rash of vague and inconsistent factual allegations—means that Walgreens (and the Court) are left to speculate as to the scope of the causes of action Gray intends to plead, and the alleged factual underpinnings of those purported claims. In other words, Gray's pleading suffers from a "lack of organization and basic coherence" such that it is "too confusing to determine the facts that constitute the alleged wrongful conduct." *See Standard*, 658 F.3d at 789. In such circumstances, "dismissal is an appropriate remedy." *Id*. (affirming district court's rejection of a pro se complaint that contained a "vague, confusing, and conclusory articulation of the factual and legal basis for the claims and a general 'kitchen sink' approach to pleading."); *see also St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) ("a district court should dismiss a complaint if the factual detail is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.") (cleaned up).[8]

---

[8] The Court further notes that dismissal of such a complaint is appropriate even if it is possible to discern some potentially coherent claims buried in an otherwise unintelligible pleading. *See, e.g.*, *Reinoehl v. Centers for Disease Control & Prevention*, No. 22-1401, 2022 WL 14461946, at *2 (7th Cir. Oct. 25, 2022) ("The presence of a few *potential* claims hidden in the chaff cannot save an otherwise unintelligible complaint") (citations omitted), *cert. denied*, 143 S. Ct. 2586 (2023). While some of Gray's claims, mainly his claims of employment discrimination, are somewhat discernable, the presence of these claims does not remedy the fact that the Amended Complaint, as a whole, is the kind of vague, confusing, and "kitchen sink"-style of pleading the Seventh Circuit has held warrants dismissal. In any event, as discussed further in the next section, to the extent Gray has articulated more coherent employment claims, they still fail under Rule 12(b)(6).

In sum, the Court finds that Gray's pleading fails to comply with the pleading requirements of Rules 8 and 10 such that it does not provide fair notice of the claims against defendant and the grounds against them. Dismissal is therefore warranted on those grounds alone.

2. <u>Gray's Amended Complaint additionally fails to state cognizable claims for relief.</u>

Although the Court could stop its analysis there, it is worth noting that Gray's complaint suffers from other defects in that it contains a litany of purported causes of action that, apart from not complying with Rule 8 and 10, also fail to state a claim for relief under Rule 12(b)(6). As the Court is providing Gray a final opportunity to amend his pleading, it is worth briefly commenting on these other issues so that Gray does not attempt to replead claims that are not cognizable.

First, the Amended Complaint contains a number of references to criminal statutes and purported claims of criminal conduct that are not valid causes of action for a civil litigant to bring. Gray cites to several criminal statutes in his pleading related to the deprivation of civil rights, 18 U.S.C. § 245 and 18 U.S.C. § 241, as well as the hate crime laws under the Shepard-Byrd Act, and additionally asserts in conclusory fashion that he intends to bring a number of claims for criminal harassment, witness retaliation, stalking, and hacking. (*See* Dkt. 1 at 42–43.) But as Walgreens points out in its briefing, none of the criminal statues cited by Gray create any private right of action for civil litigants. (*See* Dkt. 8 at 10) (collecting cases); *see generally Gartner v. Harvard Univ.*, No. 21-cv-503, 2023 WL 2163083, at *5 (W.D. Wis. Feb. 22, 2023) ("[plaintiff] does not have a private right of action to sue in federal court for violations of federal criminal statutes, and [the court] cannot initiate federal criminal proceedings."). Nor can Gray bring civil claims for alleged criminal conduct such as harassment or stalking. Rather, as the Court has repeatedly explained to Gray in orders denying his requests for emergency relief, the U.S. Attorney's Office is the sole entity with authority to initiate criminal proceedings in federal court. *See generally*

*Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636–38 (E.D. Pa. 2014) (explaining that "federal courts lack the power to direct the filing of criminal charges," and that the power to investigate and prosecute alleged federal crimes rests entirely in the Executive Branch with the U.S. Attorney General and U.S. Attorney's Office), aff'd, 572 F. App'x 68 (3d Cir. 2014). In short, to the extent Gray is attempting to plead any criminal claims or causes of action under federal criminal statutes, those claims fail and are dismissed with prejudice.

Second, to the extent Gray intends to plead claims under the local Deerfield or Chicago ordinances, or under the UDHR, he may not do so. There is no private right of action under the Chicago ordinances. *See Nesbitt v. Draper & Kramer, Inc.*, No. 08 C 2684, 2008 WL 4542942, at *3 (N.D. Ill. May 23, 2008) ("The Chicago Fair Housing Ordinance does not provide a private right of action that plaintiffs can bring initially in state or federal court."). As to the Deerfield Village Code, Gray does not provide a particular code section, and the Court cannot identify what provision of the code Gray intends to cite, let alone whether any private cause of action exists (though it seems exceedingly unlikely). Gray therefore cannot state any claim for violation of the local ordinances. Further, there is no private right of action under the UDHR. *See, e.g.*, *Konar v. State of Illinois,* 327 F. App'x 638, 640 (7th Cir. 2009) (citations omitted).

Third, Gray cannot bring a cause of action for any purported violation of HIPAA. *Doe v. Bd. of Trustees of the Univ. of Illinois*, 429 F.Supp.2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue, however, has concluded that HIPAA does not authorize a private right of action."). While Gray vaguely alludes to Walgreens violating his rights under HIPAA, those allegations do not give rise to any independent cause of action.

Fourth, Gray has failed to plead any facts establishing his purported common law claims for invasion of privacy or defamation. Gray makes several conclusory references to HIPAA

17

violations, invasion of privacy and defamation, but provides no allegations explaining the nature of these violations, how his privacy was invaded, or who made what allegedly false statements to whom. Gray has thus failed to state any claims for invasion of privacy or defamation, to the extent he intended to bring those claims.

Finally, to the extent that Gray has pled claims for employment discrimination under Title VII, the ADEA, and ADA, the Court notes that his allegations are generally conclusory and lacking in detail indicating any disparate treatment or impact based on protected characteristics. As the Court is dismissing the Amended Complaint on Rule 8 grounds, it need not conduct an exhaustive review of all of Gray's allegations of alleged discrimination at this time. It suffices to say here that Gray's allegations are littered with conclusory assertions of discrimination based on various protected characteristics. But while the pleading standards for employment discrimination claims are generally minimal, Gray must allege facts from which the Court can reasonably infer that an adverse employment action was taken on the basis of a protected characteristic. If and when Gray files an amended complaint, he must take care to include sufficient factual detail explaining what adverse actions he alleges were taken and on account of what protected characteristic.

In sum, in addition to the Rule 8 and 10 issues discussed above, Gray's complaint suffers from a number of other issues that warrant dismissal. The Court thus finds that Gray's Amended Complaint must be dismissed.

### C. Dismissal without prejudice.

Walgreens asks the Court to dismiss Gray's Amended Complaint with prejudice, noting that he has already had one complaint stricken by the state court based on a failure to plead cognizable claims. But as this is the first time this Court has reviewed Gray's allegations, and given that the pleading rules in state court and federal court are different, the Court finds it

appropriate to give Gray one final attempt to file a proper pleading that complies with Rule 8 and 10 and includes only cognizable claims of action.

The Court cautions Gray that it does not grant him this opportunity lightly: Gray has failed to follow Court instructions by repeatedly filing motions seeking relief the Court has expressly held he cannot seek, and by repeatedly raising allegations of criminal conduct the Court has instructed must only be brought before law enforcement. The Court thus shares Walgreens' concerns about Gray's ability to follow the Court's guidance and prepare a pleading that complies with Court rules and the rulings in this order. Nonetheless, given Gray's pro se status, the Court finds one final attempt to properly plead is warranted.

Gray is cautioned that, should he prepare a further Amended Complaint, he must carefully review this Court order and not attempt to replead those claims the Court has stated do not belong in federal court. Further, Gray must take care to state his claims and allegations in a short, plain, and concise manner that gives Walgreens notice of his claims. Gray shall have 30 days from the date of this order to submit any further amended complaint.

## Conclusion

For the foregoing reasons, Walgreens' motion to dismiss is granted, and Gray's Amended Complaint is dismissed without prejudice with leave to amend.

ENTERED: 6/6/24

*Nancy L. Maldonado*
_____

Nancy L. Maldonado

United States District Court Judge